.No. 22124.

Lawrence E. Bare *v.* The People of the
State of Colorado.
(432 P.2d 630)

Decided October 23, 1967.

Winner, Berge, Martin and Camfield, James A.
Clark, for plaintiff in error.

Duke W. Dunbar, Attorney General, Frank E. Hickey,
Deputy, Robert C. Miller, Assistant, for defendant in
error.

*In Department.*

Opinion by Mr. Chief Justice Moore.

Plaintiff in error, hereinafter referred to as the
defendant, was found guilty of the crime of larceny

as bailee of certain items of personal property allegedly belonging to the Grand Lake Medical Association. The information described with particularity the various items alleged to have been stolen, most of which were instruments or equipment generally used by persons engaged in the practice of medicine. It was charged in the information that the defendant, while bailee of the described chattels,

"* * * for the purpose of treating persons at Grand Lake Medical Clinic at Grand Lake, Colorado, * * * did unlawfully and feloniously convert the same to his own use with intent to steal the same * * *"

in violation of the statute, (C.R.S. 1963, 40-5-2 and 40-5-13).

The defendant was duly licensed to practice medicine in June, 1963, and agreed to go to Grand Lake, Colorado, to practice his profession under certain commitments made by an association known as Grand Lake Medical Association, which made available for his use a residence and other premises occupied as a "clinic," together with the equipment and instruments which were alleged to have been stolen.

Judgment entered on the verdict and defendant was placed on probation. The terms of the probation were highly restrictive, one of them being that he could not leave the county without permission. It is interesting to note that in the area including Grand Lake, Granby, Winter Park, Frazer, Hideaway Park and Hot Sulphur Springs, there was no other practicing physician.

Numerous grounds for reversal of the judgment are argued at length by counsel for the defendant. He summarizes the overall content of the brief by the following pertinent comment:

"After consideration of the lack of competent evidence to support the charge, the hearsay testimony permitted over objection, the repeated and improper reference to 'other property taken by the defendant,' the court's

erroneous instruction thereto, the District Attorney's prejudicial comment to the jury, the exclusion of defendant's evidence of innocence, and the denial of any instructions covering the defendant's theories of defense, one must inevitably be driven to the conclusion that if each one of these standing alone is not compelling, then certainly the combined effect of all of them was to weave about Doctor Bare a web of confusion and suspicion from which it is not surprising that he was unable to extricate himself before the jury."

█ We have carefully read the entire record and have no hesitancy in stating that there is no competent evidence tending to prove that the defendant at any time converted the chattel property — lawfully in his possession — to his own use with intent to steal it. No good purpose would be served in considering other points argued. It is sufficient to say that the intent to steal was not established. In fact exactly the opposite affirmatively appears.

The judgment is reversed and the cause remanded to the trial court with directions to dismiss the action. The defendant shall have judgment for his costs.

MR. JUSTICE DAY, MR. JUSTICE MCWILLIAMS and MR. JUSTICE PRINGLE concur.